UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                        Case No. 15-20549

v.                                        Honorable John Corbett O'Meara

LATHERESA JEFFERSON,

    Defendant.
    _____/

# ORDER DENYING
## DEFENDANT'S OCTOBER 3, 2017 MOTION FOR SPLIT SENTENCE

This matter came before the court on defendant LaTheresa Jefferson's October 3, 2017 Motion for Split Sentence. The government filed a response October 6, 2017; and Jefferson filed a reply November 13, 2017. No oral argument was heard.

Two years ago defendant Jefferson pleaded guilty to one count of conspiring to submit false claims (false and fraudulent federal income tax returns) in violation of 18 U.S.C. § 286. The court sentenced her to 24 months' imprisonment and three years' supervised release. Jefferson was also ordered to pay $166,978.00 in restitution to the IRS. The court ordered Jefferson to surrender to the Bureau of Prisons on March 3, 2017; and she is currently incarcerated at the Federal Prison Camp in Alderson, West Virginia. Her release date is December 22, 2018.

In her motion defendant Jefferson requests an order of transfer to a halfway house in metropolitan Detroit because her 23-year old son and 24-year old daughter are experiencing health problems. The court is sympathetic to her concerns; however, the court lacks jurisdiction to address the matters set forth in her motion.

A district judge "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), with few, limited exceptions. United States v. Curry, 606 F.3d 323, 326 (6th Cir. 2010). The only exception that might apply in this case is found in the Sentencing Reform Act. It provides that a term of imprisonment may be reduced "upon motion of the Director of the Bureau of Prisons." 18 U.S.C. § 3582(c)(l)(A)(I). The procedures for seeking such a reduction are spelled out in 28 C.F.R. §§ 571.60-.63. However, because no motion has been filed for a reduction in sentence by the Director of the Bureau of Prisons, this court lacks jurisdiction to grant defendant Jefferson's motion.

In her reply brief, defendant Jefferson contends that "the Prosecutor has the power to walk in the courtroom at any time to reduce a Defendant's sentence," citing United States v. Holloway, 68 F. Supp. 3d 310 (E.D. N.Y. 2014). The Holloway case, however, provides no assistance to the defendant in this case. Holloway, a case from a district court in New York, has no precedential effect on this court. Moreover, the defendant in that case had served 20 years of a 57-year sentence that the court deemed

excessive. Most importantly, the government had agreed to a reduction in defendant Holloway's sentence. There has been no such agreement in this case. Accordingly, the court will deny defendant Jefferson's motion.

## ORDER

It is hereby **ORDERED** that defendant LaTheresa Jefferson's October 3, 2017 Motion for Split Sentence is **DENIED.**


s/John Corbett O'Meara
United States District Judge

Date: December 1, 2017


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 1, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager